IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | Cr. No. 98-00591 SOM |
| | ) | Civ. No. 12-00682 SOM |
| Plaintiff, | ) | |
| | ) | ORDER DENYING SECOND PETITION |
| vs. | ) | UNDER 28 U.S.C. § 2255 |
| | ) | |
| STEVEN BERNARD BROOKS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING SECOND PETITION UNDER 28 U.S.C. § 2255**

**I.       INTRODUCTION.**

On April 18, 2000, Steven Bernard Brooks was convicted of drug felonies following a jury trial. See Verdict, ECF No. 184. This court sentenced Brooks to 262 months of incarceration, 6 years of supervised release, and $200 in special assessments. See Amended Judgment, ECF No. 254.

Brooks appealed his conviction and sentence to the Ninth Circuit, which affirmed this court in a memorandum disposition dated May 15, 2003. See United States v. Brooks, 2003 WL 21147412 (9th Cir. May 15, 2003); see also ECF No. 270.

On August 9, 2004, Brooks sought relief pursuant to 28 U.S.C. § 2255. See ECF No. 273. On December 22, 2004, this court denied Brooks's § 2255 petition. See ECF No. 295. Brooks appealed that decision. See ECF No. 298. On March 11, 2005, the court granted Brooks a certificate of appealability limited to the narrow issue of whether a footnote on page 35 of his memorandum was sufficient, by itself, to assert an ineffective

assistance of counsel claim.  See ECF No. 299.  In a Memorandum decision of February 23, 2007, the Ninth Circuit ruled that the footnote was sufficient to raise the issue.  See ECF No. 312-2.

On July 30, 2007, this court denied the § 2255 petition based on the ineffective assistance of counsel claim and declined to issue a certificate of appealability.  See ECF No. 324.  Brooks appealed.  See ECF No. 327.  On July 31, 2008, the Ninth Circuit also declined to grant Brooks a certificate of appealability, effectively ending his appeal.  See ECF No. 334.

On December 12, 2012, Brooks filed a second § 2255 motion, arguing that the case agent who testified at his criminal trial in 2000 was later investigated for misconduct in matters unrelated to Brooks's case.  See ECF No. 351.  Brooks has supplemented that motion twice.  In the first supplement, Brooks argues that the agent's unreliability is further demonstrated by his allegedly false testimony before a grand jury in an unrelated case.  See ECF No. 355.  In the second supplement, Brooks contends that the Government failed to satisfy its Brady obligations concerning the allegedly false testimony.  See ECF No. 358.  On December 18, 2012, the court ordered Brooks to show cause why that second § 2255 motion should not be dismissed given his failure to obtain certification for a second or successive motion from the Ninth Circuit Court of Appeals, as required by 28 U.S.C. § 2255(h).  See ECF No. 353.  The court now denies the

second § 2255 motion because no second or successive § 2255 motion has been certified by the Ninth Circuit.

**II.     ANALYSIS.**

The Ninth Circuit has stated:

> A petitioner is generally limited to one motion under § 2255, and may not bring a "second or successive motion" unless it meets the exacting standards of 28 U.S.C. § 2255(h). This section provides that such a motion cannot be considered unless it has first been certified by the court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011) (quoting 28 U.S.C. § 2255(h)). Having failed to obtain certification from the Ninth Circuit Court of Appeals to file his second § 2255 motion, Brooks may not pursue it at this time.

This court begins its analysis by determining whether Brooks is bringing a "second or successive" § 2255 motion. In Gonzalez v. Crosby, 545 U.S. 524, 532 (2005), the Supreme Court provided guidance for determining what constitutes a "second or successive" § 2255 motion. The Court noted that any motion seeking to add a new ground for relief or attacking the previous resolution of a claim on the merits qualified as a "second or

3

successive" motion for purposes of § 2255.  However, a motion that attacks a "defect in the integrity of the federal habeas proceedings," instead of the merits of a claim, may be viewed as seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure.  Id.; see also United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011) ("Gonzalez recognized that a defect in the integrity of the federal habeas proceedings, such as fraud on the habeas court, might justify reopening § 2255 proceedings under Rule 60(b)." (quotation marks omitted)).

Brooks's § 2255 motion argues that he was denied a fair trial because a Government witness at his trial was unreliable.  See ECF No. 351.  Brooks bases this argument on an order entered in the unrelated criminal case of United States v. Ferreira on November 30, 2011.  That 2011 order described a Government agent who was a trial witness as having been the subject of allegations of "serious misconduct," "including inappropriate relations with the subject of a criminal investigation and possible interference with an ongoing criminal investigation."  United States v. Ferreira, 2011 WL 6012515, *4 (D. Haw. Nov. 30, 2011) (Gillmor, J.).  That witness had also testified on separate matters in Brooks's trial in April 2000.  According to the Government, the alleged misconduct discussed in the Ferreira case occurred in 2006, approximately six years after Brooks was convicted.  See ECF No. 370 at 2.

4

Brooks also claims that the same Government agent committed perjury in yet another case before a grand jury in March and/or June 2000 and that the agent later admitted to having committed that perjury. See ECF No. 355. Brooks says that the Government's failure to disclose this perjury violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and deprived him of a fair trial in April 2000. See ECF No. 358. Brooks does not, however, even argue that the Government knew in April 2000 about the agent's alleged perjury.

Because Brooks is not attacking the integrity of his previous habeas proceeding, but is instead asserting that he was deprived of a fair trial based on a Government agent's alleged unreliability and the Government's failure to inform him of that alleged unreliability, Brooks is bringing a new "claim" for purposes of § 2255(h), not a claim under Rule 60(b). <u>See</u> <u>Buenrostro</u>, 638 F.3d at 722 ("Buenrostro misunderstands the meaning of <u>Gonzalez</u>. To show a defect in the integrity of his first § 2255 proceeding, Buenrostro must point to something that happened during that proceeding that rendered its outcome suspect."). Accordingly, § 2255(h) requires Brooks to obtain certification from the Ninth Circuit before proceeding with his second § 2255 motion.

This court expresses no opinion as to the merits of Brooks's motion. The court denies Brooks's second § 2255 motion

because it lacks authority to address that motion given Brooks's failure to obtain the certification required by § 2255(h).

**III.  CONCLUSION.**

Because Brooks has failed to obtain the required certification for purposes of § 2255(h), the court denies Brooks's motion without prejudice to its being refiled if Brooks obtains such certification.  To the extent an appeal from the present ruling requires Brooks to obtain a certificate of appealability, this court declines to issue a certificate of appealability and instead states that Brooks's remedy is to seek certification from the Ninth Circuit for a second or successive § 2255 motion.

This order renders moot the request contained in Brooks's letter to the court dated June 30, 2013, regarding participation by telephone in the hearing previously scheduled for July 29, 2012.  No hearing will be conducted.

The Clerk of Court is directed to enter judgment against Brooks in the civil action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 10, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States v. Brooks; Civ. No. 12-00682 SOM; Cr. No. 98-00591 SOM; ORDER DENYING SECOND PETITION UNDER 28 U.S.C. § 2255